**Mark KEENE, Plaintiff and Third-Party Defendant-Respondent,**

v.

**Linda WELLS, Defendant-Appellant,**

and

**Ora Wells and Elizabeth L. Wells, Third-Party Plaintiffs-Appellants.**

No. 13342.

Missouri Court of Appeals,
Southern District,
Division Three.

March 8, 1984.

Francis J. Siebert, Scott City, for plaintiff and third-party defendant-respondent.

Harold D. Jones, Bock & Jones, New Madrid, for defendant-appellant and third-party plaintiffs-appellants.

PREWITT, Judge.

Plaintiff sought to recover for damage to his automobile when it was involved in a collision with an automobile driven by Linda Wells. Linda Wells counterclaimed for damage to the vehicle she was driving, seeking one-third of its damage in accordance with her ownership interest. Her parents, the third-party plaintiffs, owned the remaining interest in the vehicle and sought damages for their interest. Following jury-waived trial, judgment was entered in favor of plaintiff for the amount of damage to his vehicle and against appellants on their claims.

Appellants contend the trial court's judgment was erroneous because plaintiff was contributorily negligent as a matter of law in following the vehicle Linda Wells was driving too closely while the roadway was ice covered. The collision occurred while both vehicles were going in a northerly direction on Interstate Highway 55. Interstate 55 is a four-lane highway, two lanes for traffic going in each direction with a median dividing the north-bound lanes from the south-bound lanes. The collision occurred on the median.

A party commits contributory negligence as a matter of law when all the evidence and its reasonable inferences viewed in the light most favorable to that party shows that the only reasonable conclusion is that the party was guilty of negligence which was a proximate cause of the damage. *Jenkins v. Jordan*, 593 S.W.2d 236, 239–240 (Mo.App.1979).

Our examination of the record convinces us that plaintiff's negligence was a question for the trier of fact. The judgment was supported by substantial evidence and was not against the weight of the evidence and no error of law appears. As contributory negligence has now been supplanted by comparative fault, *Gustafson v. Benda*, 661 S.W.2d 11, 16 (Mo. banc 1983), a further opinion on the issues presented here would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

CROW, P.J., and HOGAN, MAUS and GREENE, JJ., concur.